# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| STEFANOS PONTIKIS, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00312-O-BP |
| | § | |
| ATIEVA, INC., | § | Supplement to Plaintiff's Motion for |
| LUCID GROUP USA, INC., | § | Remand (Doc. 8) |
| LUCID USA, INC. | § | |
| *Defendants*. | § | |

## SECOND CERTIFICATE OF CONFERENCE

In response to this Court's ORDER noting Plaintiff's alleged non-compliance with the conference requirement of Local Civil Rule 7.1 (ECF. 14, at ¶3), Plaintiff takes issue with the court's perception because it is misplaced and incorrect as a matter of law.

Plaintiff has cautiously and with diligence made certain that his court submissions are in compliance with relevant rules of law. As clearly stated within the plaintiff's Motion for Remand ("MFR"), the Fifth Circuit [*a superior court*] has established precedent regarding the status of a MFR and plainly stated a MFR is a dispositive motion and is to be treated the same as a <u>motion to dismiss</u>. (*See* ECF. 8, at *3).[1] Therefore, Fifth Circuit court precedent *must* be followed by *all*

---

[1] "Based on Fifth Circuit Court of Appeal precedent, which unequivocally states a motion for remand is a dispositive motion and is considered the same as a motion to dismiss in the case *Davidson v. Georgia-Pacific, LLC*, Case No. 14-30925 (5th Circuit, April 19, 2016), Plaintiff is not required to engage in a conference with the defendants before filing this motion for remand."

"a remand order is dispositive insofar as proceedings in the federal court are concerned" and thus is "the functional equivalent of an order of dismissal." (See *U.S. Healthcare*, 159 F.3d at 145); "We therefore join the uniform view of the courts of appeals…and hold that a motion to remand is a dispositive matter…" (*Davidson* at *8); "28 U.S.C. § 636(b)(1)(A). "Although motions to remand are not included in this list, every court of appeals to consider the question has held that they should be treated as dispositive matters…" (*Flam v. Flam*, 788 F.3d 1043,1046–47 (9th Cir. 2015); (*Williams v. Beemiller, Inc*., 527 F.3d 259, 266 (2d Cir. 2008); (*Vogel v. U.S. Office Prods. Co*., 258 F.3d 509, 517 (6th Cir. 2001)).

1

district courts within its jurisdictional sphere and, as such, this Court's L. Civ. R. 7.1(a)(b) is superseded by the Fifth Circuit's rule of law which nullifies any requirement by a party to confer with the opposition for dispositive motions. Hence, as a matter of law, the court's continued insistence on requiring the plaintiff to confer based on a motion that is clearly dispositive is considered an abuse of authority, a confounding demonstration of its willful non-compliance to the rule of law based on established Fifth Circuit precedent, and contradictory to this Court's local rule that motions to dismiss do not require a certificate of conference. Furthermore, conferring on a MFR is a futile effort when the movant's position is unchanging as to whether the non-movant is opposed or unopposed to the motion.

   Plaintiff's continuum of issues with the court's ORDER is further exacerbated by either the court's disregard or oversight of the facts. The court noted that *"An email giving Defendants twenty-four hours' notice does not satisfy Rule 7.1."* (ECF. 14, at ¶3). The plaintiff <u>did not give the defendants a twenty-four-hour notice to respond to his MFR</u>. The court's statement is seemingly in reference to the plaintiff's certificate of conference for the motion to stay where, therein, the plaintiff requested of the defendants to respond by the close of business on April 23, 2024, as to what their position was on the plaintiff's motion to stay. (ECF. 11, at *5). Nonetheless, in relation to both motions and the plaintiff's effort to confer with the defendants [although no requirement to confer for the MFR], *the defendants willfully failed to provide the plaintiff with the professional courtesy of a response or follow-up communication* indicating either their <u>availability to confer</u> or their disposition on either motion within a reasonable time based on traditional norms of business practice and etiquette.

   Nothing prohibited the defendants from reaching out to the plaintiff within a twenty-four-hour period related to the motion to stay and simply stating their position. Instead, <u>it took the court ordering the defendants to provide their response on or before April 29, 2024, to which it took the defendants seven (7) days to provide a *simple* response indicating they were unopposed to the plaintiff's motion to stay</u>. Wherefore, it can easily be surmised by a reasonable person that Defendants had no intention of responding to the plaintiff's correspondence or conferring [had the court not intervened], which undeniably demonstrates bad faith. Additionally, [for clarification] as stated *supra*, the plaintiff did not place any response deadline(s) within his email communication related to the MFR. (*See* ECF. 10, at *4). If Plaintiff's MFR was anything other than a dispositive motion, Plaintiff provided the defendants with his date(s) of availability to

2

confer. However, after fifteen (**15**) days since the plaintiff first corresponded with the defendants related to the MFR, there has been no response from the defendants' counsel. Furthermore, the plaintiff sent a second notice of conferral [*out of respect for the court's subsequent ORDER* (ECF. 14)] to the defendants on May 2, 2024 (*See* Exhibit 1). As of May 6, 2024, at approximately 12:18pm, or five (**5**) days thereafter, the defendants finally decided to respond inquiring if the plaintiff is available to confer on the MFR on May 8, 2024, to which the plaintiff responded in the affirmative [*although legally not required*]. (*See* Exhibit 2). Again, based on the standard norms of professional courtesy, responsive communication, and etiquette within reasonable time frames, as of the close of business on May 7, 2024, and thereafter, <u>the defendant failed to provide the plaintiff with any confirmation of the proposed meeting or response/email acknowledging receipt of the plaintiff's response</u>.

It is by no uncertain terms -- based on the facts and the passing of time -- that Defendants have had no good faith intention of responding to the plaintiff's recent inquiries. Such actions can unequivocally be considered bad faith. Wherefore, again, *out of respect* for this Court's ORDER (ECF. 14) and pursuant to Local Rule ("LR") 7.1(b), Plaintiff files this certificate of conference accordingly. On May 2, 2024, Plaintiff submitted an invitation to Counsel for the defendants styled above to confer on the matter regarding the plaintiff's Motion for Remand ("MFR") (*See* Exhibit 1) to determine if Defendants were either opposed or unopposed to the plaintiff's MFR. Unfortunately, <u>the defendants did not provide Plaintiff with any confirmation within a reasonable time indicating acceptance of the proposed meeting date and time</u>. Therefore, no conference was held. It is never the responsibility or duty of any litigant to beg the opposition to confer or to sit and wait in suspense on matters that should be addressed with diligence and promptness. The defendants' gamesmanship and delay tactics should not go unnoticed by this Court as they have, yet, failed to even file their Answer or responsive pleading as required under federal law within seven (7) days after removal and to which the defendants declared they would do so [as indicated within their notice – ECF. 1, at *4-5] but have failed to comply. (Fed. R. Civ. Proc. 81(c)(2)(C)).[2] Nothing in the federal rules of civil procedure precludes any defendant from

---

[2] "After removal, repleading is unnecessary unless the court orders it. A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:…(C) 7 days after the notice of removal is filed."

timely filing their responsive pleading after removal and courts have no discretional authority to circumvent established law.

Based on the foregoing, it may be presumed the defendants are opposed to the MFR as per LR 7.1(b)(3), and it may also be surmised the defendants shall file their response on or before May 10, 2024, retroactive to the plaintiff's initial MFR filing on April 19, 2024, lest said motion is unopposed.

Respectfully Submitted,

/s/ *Stefanos Pontikis*      Dated: May 7, 2024
Stefanos Pontikis
1362 Cross Timber Dr.
Southlake, TX 76092
stevepontikis@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2024, I caused a copy of the foregoing document to be filed with the Court using ECF, of which opposing counsel of record is a member and will be automatically served via the court's system.

/s/ *Stefanos Pontikis*      Dated:   May 7, 2024
Stefanos Pontikis

4

# EXHIBIT 1

 Gmail

**Re: Pontikis vs Lucid - Certificate of Conference**
1 message

**Steve Pontikis** <stevepontikis@gmail.com>  Thu, May 2, 2024 at 9:33 PM
To: "alau@fisherphillips.com" <alau@fisherphillips.com>, "bsedge@fisherphillips.com" <bsedge@fisherphillips.com>

Counsel,

Please note, this is my second attempt to confer with you regarding my motion for remand. On April 22, 2024, I corresponded with you to ascertain your disposition on the matter. However, you did not consider providing me with the professional courtesy of a response and after more than 10 days have passed, you still have not acknowledged my communication.

As per LR.7.1(a)(b), the court requires the parties to meet and confer regarding the Motion for Remand ("MFR") to determine if the defendants are opposed or unopposed to the motion prior to the plaintiff filing the motion. The court's Local Rules are non-specific as to the meeting format, so it is presumed that is left up to the parties.

Based on the content of the plaintiff's motion and the underlying reason(s) indicated therein, the defendants' Notice of Removal ("NOR") is procedurally defective based on circuit court precedent which unequivocally states that documents of any kind provided to a defendant before the plaintiff's initial pleading is filed do not constitute "other paper" as defined under Fed. R. Civ. P. 1446(b)(3). Therefore, your NOR is procedurally improper and the case is required to be remanded as a matter of law.

If you are in opposition to Plaintiff's MFR please indicate in your response to this email. If you are not in opposition, please do the same. Again, if you would prefer to discuss this matter, as futile as it may be, that is your option but please indicate your date(s) of availability. My availability is flexible to discuss the motion. If you believe there is something that requires us to meet, please promptly provide your dates of availability, otherwise your response as to whether you are opposed to or unopposed to the motion in your email response will be sufficient.

Stefanos Pontikis

On Mon, Apr 22, 2024 at 3:27 PM Steve Pontikis <stevepontikis@gmail.com> wrote:

# EXHIBIT 2

**From:** Lau, Annie <alau@fisherphillips.com>
**Date:** Mon, May 6, 2024, 12:18 PM
**Subject:** RE: Pontikis vs Lucid - Certificate of Conference
**To:** Steve Pontikis <stevepontikis@gmail.com>, Sedge, Brent <bsedge@fisherphillips.com>

Mr. Pontikis,

Thank you for your email.

As you had filed the certificate of conference the day immediately after your email, we did not deem it necessary to respond. However, I can be available on Wednesday, at 1:30pm CT for a call. Does that work?

Thanks,

Annie

---

**From:** Steve Pontikis <stevepontikis@gmail.com>
**Sent:** Thursday, May 2, 2024 7:34 PM
**To:** Lau, Annie <alau@fisherphillips.com>; Sedge, Brent <bsedge@fisherphillips.com>
**Subject:** Re: Pontikis vs Lucid - Certificate of Conference

CAUTION: This email originated from outside of the Firm. Do not click links or open attachments unless you recognize the sender and know the content is safe.

[Quoted text hidden]
[Quoted text hidden]

---

Steve Pontikis <stevepontikis@gmail.com>
To: "Lau, Annie" <alau@fisherphillips.com>
Cc: "Sedge, Brent" <bsedge@fisherphillips.com>
Bcc: laaw777@gmail.com

Yes , available at that time

Here is my number 323-412-8516

Steve

8