IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEFANOS PONTIKIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00312-O-BP |
| | § | |
| ATIEVA, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Motion to Remand (ECF No. 8) filed by Plaintiff Stefanos Pontikis ("Pontikis"); Defendants' Response (ECF No. 13); and Pontikis's Reply (ECF No. 18). This case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 3. Having reviewed the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion (ECF No. 8). However, if Defendants timely file an amended notice of removal, Judge O'Connor should **DENY** the Motion.

### I.  BACKGROUND

Pontikis sued Defendants in the County Court at Law Number One of Tarrant County, Texas, Cause No. 2024-002194-1. ECF No. 1. Defendants removed the case on April 8, 2024. *Id.* Pontikis now moves to remand the case, arguing that the Court lacks subject matter jurisdiction. ECF No. 8. The case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 3.

Pontikis filed his Motion on April 19, 2024, but it lacked the certificate of conference required by the Local Civil Rules. ECF Nos. 7-8. So, on April 22, the Court ordered him to supplement it with the required certificate. ECF No. 9. He did so on April 23, indicating that he

emailed Defendants the day before, but they had not yet responded. ECF No. 10. As the Court has previously stated, "[a]n email giving Defendants twenty-four hours' notice" of a motion "does not satisfy" the certificate of conference requirement. ECF No. 14. Defendants thus correctly argue that the Court could, in its discretion, find that the Motion is not properly before it and order Pontikis to confer. *See* ECF No. 16 at 1-3. But because (1) the Motion is fully briefed; (2) Pontikis proceeds pro se; and (3) the Court presumes that a suit lies outside its limited jurisdiction, *see Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), the Court considers the Motion now.

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. "[A]ll persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Pontikis only brings claims under state law (ECF No. 1-1 at 14-16), so for the Court to have subject-matter jurisdiction over the case, diversity jurisdiction must exist.

### III.   ANALYSIS

#### A.   Defendants have not alleged complete diversity.

Defendants did not adequately allege Pontikis's domicile to demonstrate that the Court has diversity jurisdiction. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332. Defendants "are all Delaware corporations with their principal place of business" in California. ECF No. 1 at 2. Therefore, Defendants are citizens of Delaware and California.

The citizenship of a natural person is determined by his domicile. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007). Defendants assert that because Pontikis alleges that he resides in Texas, he is a citizen of Texas. ECF No. 1 at 2. But "citizenship and residence, as often declared by [the Supreme Court], are not synonymous terms." *MidCap Media Fin., L.L.C. v. Patthway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (cleaned up) (citing *Robertson v. Cease*, 97 U.S. 646, 648 (1878)). Citizenship requires both residence in fact and "the purpose to make the place of residence one's home." *Id.* (internal quotation marks omitted) (quoting *Texas v. Florida*, 306 U.S. 398, 424 (1939)). Thus, "an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" *Id.* (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984). Accordingly, Defendants have not sufficiently alleged facts to show that complete diversity exists.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Judge O'Connor should not remand the case if Defendants amend their notice of removal to state facts to adequately allege grounds for diversity jurisdiction, specifically

as to Pontikis's domicile within the fourteen-day period permitted for objections to these findings, conclusions, and recommendation or such other time period that Judge O'Connor sets.

### B. Defendants have shown the amount-in-controversy requirement is met.

The preponderance of the evidence demonstrates that the amount in controversy in this case exceeds $75,000. "Section 1332 does not provide further guidance on how to determine the amount in controversy. But other statutory provisions do," including 28 U.S.C. § 1446. *Durbois v. Deutsche Bank Nat. Trust Co.*, 37 F.4th 1053, 1056 (5th Cir. 2022). Generally, "the sum demanded in good faith in the initial pleadings is the amount in controversy." *Id*. (citing 28 U.S.C. § 1446(c)(2)). "If the petition is silent . . . , the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 313 (5th Cir. 2022) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). To satisfy this burden, the defendant can either (1) establish "that it is 'facially apparent' that the claims are likely to exceed $75,000"; or (2) set "forth the facts in controversy that support a finding of the requisite amount." *Id.* Where the plaintiff challenges the defendant's amount-in-controversy allegation, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied, see § 1446(c)(2)(B)." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014).

Defendants admit that it is not facially apparent from Pontikis's pleadings that the amount-in-controversy exceeds $75,000. ECF Nos. 1 at 2; 16 at 6. Instead, they rely on evidence that they attached to their notice of removal. ECF No. 1 at 2-4 (citing ECF No. 1-1 at 51-64). Defendants assert that Pontikis sued Defendant Lucid USA, Inc., in Arizona and California based on facts identical to the ones at issue here. ECF Nos. 1 at 2-3; 16 at 6. "[B]ecause they are public records, [courts may] take judicial notice of court pleadings in other cases." *Murchison Cap. Partners, L.P.*

*v. Nuance Commc'ns, Inc.*, 625 F. App'x. 617, 618 (5th Cir. 2015) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)). And "settlement offers are compelling evidence of the minimum amount in controversy." *ALMS, Ltd. v. Barnes*, Case No. 3:98-CV-1784-P, 1998 WL 907034, at *3 (N.D. Tex., Dec. 16, 1998) (cleaned up) (quoting *Carnahan v. Southern Pac. R.R. Transp. Co.*, 914 F. Supp. 1430, 1431 n.4 (E.D. Tex. 1995)).

In connection with his Arizona lawsuit, Pontikis submitted a declaration under penalty of perjury calculating his alleged backpay and front pay damages at $330,000, based on his $110,000 per year salary and his claim that he had been unemployed for two years since his discharge, plus a year's salary front pay. ECF No. 1-1 at 62-69. Here, Pontikis seeks back pay for lost wages in association with the same job, since April 10, 2021, in addition to damages for "mental anguish, pain[,] and suffering" and punitive damages. ECF No. 1-1 at 6, 13**,** 16. The backpay Pontikis seeks alone exceeds the amount in controversy requirement.

Defendants also attached three settlement offers Pontikis made to Defendants, each asserting damages that far exceed $75,000. ECF No. 1-1 at 51-54, 55-58, 59-61. Pontikis does not dispute the authenticity of the evidence but argues that the "Arizona case involves an entirely different cause of action based on Arizona's sick time laws, and the damages assessed in that case are based on statutorily pre-defined amount and categories which are distinct from damages in this instant action." ECF No. 8 at 6 (emphasis removed). But Arizona's sick time laws have no bearing on the amount he is seeking in back pay for lost wages. And although Pontikis argues that the settlement letters are not valid evidence, he does not dispute the sworn statement. *See* ECF Nos. 8 at 4; 18 at 9. And the sworn statement alone shows that the amount-in-controversy requirement is met. Moreover, Pontikis submits no evidence to show that his damages are less than $75,000.

Accordingly, the preponderance of the evidence proves that the amount in controversy is well over $75,000.

## IV. CONCLUSION

If Defendants do not file a motion seeking leave to file an amended notice of removal that adequately alleges complete diversity within the fourteen days allotted for objections to this Findings, Conclusions, and Recommendation, or a deadline otherwise set by the Court, Judge O'Connor should **GRANT** Pontikis's Motion and **REMAND** the case to the County Court at Law Number One of Tarrant County, Texas. If Defendants timely file such a motion, however, Judge O'Connor should **DENY** Pontikis's Motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on June 4, 2024.

                                              Hal R. Ray, Jr.
                                              UNITED STATES MAGISTRATE JUDGE