IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEFANOS PONTIKIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00312-O-BP |
| | § | |
| ATIEVA, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The United States Magistrate Judge issued a Findings, Conclusions, and a Recommendation (the "FCR") in this case on June 4, 2024. ECF No. 19. The FCR recommended remand unless Defendants filed an amended notice of removal. *Id.* at 1, 6. Shortly thereafter, on June 18, 2024, Defendants timely sought leave to file the amended notice of removal. ECF No. 20 at 1. That same day, Plaintiff filed objections to the FCR and, a couple of weeks later, submitted additional objections to Defendants' request for leave to amend. ECF Nos. 21, 22. Defendants promptly responded to these objections. ECF No. 23. Having reviewed the FCR *de novo* and considered Plaintiff's objections, the Court **FINDS** no error.

Despite Plaintiff's objections to the contrary, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. The "failure to specifically allege the citizenship of a party is one such technical defect that can be cured at any time." *BB Energy, L.P. v. Devon Energy Prod. Co., L.P.*, No. 3:07-CV-0723-B, 2007 WL 9717494, at *3 (N.D. Tex. Aug. 16, 2007) (quoting *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000)). Defendants' original notice of removal alleged "complete diversity of citizenship amongst the parties." ECF No. 1 at 2. This jurisdictional assertion has not changed. Instead, the

1

amendment Defendants seek is to "simply clarify the jurisdictional basis (diversity of citizenship) rather than create entirely new grounds (*e.g.*, a federal question)." ECF No. 22 at 6. This is a technical defect that is possible—and permissible—to cure with amendment.

Plaintiff's remaining objections are likewise unavailing.[1] The Court finds that the amount-in-controversy requirement is met based on supporting documents attached to the notice of removal. *See, e.g.*, *ALMS, Ltd. v. Barnes*, Case No. 3:98-cv-1784-P, 1998 WL 907034, at *2 (N.D. Tex, Dec. 16, 1998) (affidavit and settlement offer); *Ham v. Bd. of Pensions of Presbyterian Church (U.S.A.)*, No. 3:04-CV-2692-P, 2005 WL 6271207, at *3 (N.D. Tex. Mar. 8, 2005) (demand letter); *Vess-Lowe v. Dollar Gen. Corp.*, No. 3:10-CV-33-L, 2010 WL 1875605, at *2–*3 (N.D. Tex. May 10, 2010) (pre-suit demand or settlement offer). Likewise, the Court may take judicial notice of public records to assess whether the amount-in-controversy requirement is met. *Murchison Cap. Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x. 617, 618 (5th Cir. 2015) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)); *see also Swindol v. Aurora Flight Scis., Corp.*, 805 F.3d 516, 519 (5th Cir. 2015) (granting leave to amend notice of removal based on judicially noticed documents concerning complete diversity). Here, the supporting documents reveal, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

Therefore, the Court **ACCEPTS** the FCR of the United States Magistrate Judge (ECF No. 19) as its own. Accordingly, the Court exercises its discretion to **GRANT** Defendants' Motion for Leave (ECF No. 20) and **DENY** Plaintiff's Motion to Remand (ECF Nos. 7, 8).

**SO ORDERED** this **9th** day of **July, 2024**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff repeatedly disagrees with the FCR regarding the relevant case law. Having reviewed the cases identified by Plaintiff, the Court agrees with the FCR's understanding and application of applicable precedent.

2